Present:  All the Justices

ANTHONY T. ALSTON

                                        OPINION BY
v.  Record No. 012348          CHIEF JUSTICE HARRY L. CARRICO
                                     November 1, 2002
COMMONWEALTLH OF VIRGINIA


              FROM THE COURT OF APPEALS OF VIRGINIA

     The question for decision in this case is whether the Court

of Appeals erred in approving the trial court's admission into

evidence of an uncounseled custodial statement made by the

defendant when he was represented by counsel previously

appointed on an unrelated charge.  Finding that the Court of

Appeals did not err, we will affirm its judgment.

     The record shows that in the early morning hours of

February 12, 2000, the defendant, Anthony T. Alston, broke into

the Tidewater Feed and Seed Store (Feed and Seed) in the 3400

block of George Washington Highway in the City of Portsmouth and

stole seven leather-studded spiked dog collars.  Each collar had

a minimum value of $35.00.  The defendant gained entry into the

store by throwing a large rock through the glass of the front

door.

     Late at night on March 22, 2000, the defendant broke into

the One Stop Pet Shop (Pet Shop) in the 3900 block of George

Washington Parkway in Portsmouth and stole a pet python snake

and a lamp to keep the snake warm.  He gained entry to the shop by throwing a rock through a window.

On April 21, 2000, the defendant was arrested on charges of burglary and grand larceny arising from the Pet Shop break-in. He was arraigned on those charges the next day and counsel was appointed to represent him.  He was remanded to jail.

On May 9, 2000, Detective M. B. Logwood of the Portsmouth Police Department took the defendant from the jail to the detective bureau for questioning about "a couple of burglaries that had occurred in the city," including the Feed and Seed and Pet Shop burglaries.  At that time, the defendant had not been arrested on the Feed and Seed charges.  Logwood advised the defendant of his "rights under Miranda."[1]  The defendant indicated he understood the rights, and he agreed to talk with Logwood and another detective.  The defendant did not inform the detectives that he had an attorney or ask to speak with the attorney at any time before or during the interview.  Logwood did not know that an attorney had been appointed to represent the defendant on the Pet Shop charges.

During the interview, the defendant confessed to the break-in at Feed and Seed.  He was charged with burglary and grand larceny in connection with that break-in, counsel was appointed

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

to represent him, and a grand jury in the Circuit Court of the City of Portsmouth later indicted him on the charges.

The defendant filed a motion to suppress the confession in which he admitted the Feed and Seed break-in. The defendant cited Edwards v. Arizona, 451 U.S. 477, 484-85 (1981) (when defendant invokes Fifth Amendment right against self-incrimination, all questioning must cease until counsel is present unless defendant initiates contact with police), and Arizona v. Roberson, 486 U.S. 675, 682-83 (1988) (Fifth Amendment right against self-incrimination violated when police conducted custodial interrogation of defendant regarding a separate investigation after he had invoked right to cut off questioning until counsel was present). The defendant argued that once he invoked his right to counsel on the Pet Shop charges, the right carried over and extended to the Feed and Seed charges, with the result that the detectives could not question him "unless he initiate[d the] contact [with the police,] which is clearly not the case in this situation."

The trial court denied the motion to suppress. The court noted the distinction between a person's Fifth Amendment right against self-incrimination and his Sixth Amendment right to counsel.[2] The court held that, because there was "no evidence

---

[2] "The [Sixth Amendment right to counsel] arises from the fact that the suspect has been formally charged with a

3

before the Court" showing the defendant had invoked his Fifth Amendment right against self-incrimination with respect to the Pet Shop offenses, "this case is significantly distinct" from Edwards and Roberson, which dealt only with Fifth Amendment rights.  Hence, the court concluded, "there is a valid waiver of Miranda" and the rule the defendant contended for, i.e., that an accused who has invoked his right to counsel cannot be questioned further unless he initiates the contact with the police, did not "come[] into play" in this case.

In a bench trial, the court convicted the defendant of both Feed and Seed charges and sentenced him to the penitentiary. The defendant appealed his convictions to the Court of Appeals. That court awarded the defendant an appeal and, in an unpublished opinion, affirmed the judgment of the trial court. Alston v. Commonwealth, Record No. 2382-00-1 (Sept. 25, 2001). We awarded the defendant this appeal.

The Fifth and the Sixth Amendments both implicate the right to counsel, but they work in different ways.  The right involved in the Fifth Amendment is the right against self-incrimination,

---

particular crime and thus is facing a state apparatus that has been geared up to prosecute him. The [Fifth Amendment right against self-incrimination] is protected by the prophylaxis of having an attorney present to counteract the inherent pressures of custodial interrogation, which arise from the fact of such interrogation and exist regardless of the number of crimes under investigation or whether those crimes have resulted in formal charges."  Arizona v. Roberson, 486 U.S. 675, 685 (1988).

4

and the "prophylaxis of Miranda and Edwards provides the right to have counsel present during interrogation as an additional safeguard in the exercise of the right against self-incrimination."  Commonwealth v. Gregory, 263 Va. 134, 147, 557 S.E.2d 715, 722 (2002).  The Fifth Amendment right against self-incrimination "is not offense specific," and once the right is invoked "for interrogation regarding one offense, [the suspect] may not be reapproached regarding any offense unless counsel is present."  McNeil v. Wisconsin, 501 U.S. 171, 177 (1991).

The Sixth Amendment right, however, is "offense specific," and "[i]t cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal proceedings."  Id. at 175 (inner quotation marks omitted).

Here, the defendant does not claim any violation of his Fifth Amendment rights.  We are only concerned, therefore, with the Sixth Amendment right to counsel.

In that regard, the defendant does not contend that adversary judicial criminal proceedings had been initiated against him at the time of the interrogation on the Feed and Seed charges so as to trigger a Sixth Amendment right to counsel.  Rather, the defendant argues that the Sixth Amendment right carried over from the adversary judicial criminal proceedings held in the Pet Shop case.  The defendant says the

5

right then attached to the interrogation conducted in the Feed and Seed case because the offenses involved in the two cases were so closely related in place, time, and modus operandi as to make the interrogation in the Feed and Seed case "a part and parcel of a single prosecution."

The defendant maintains that the "single prosecution" nature of this case distinguishes it from Texas v. Cobb, 532 U.S. 162 (2001), which the Court of Appeals cited in approving the trial court's denial of the defendant's motion to dismiss. In Cobb, the defendant confessed to a burglary but denied knowledge of a woman's and child's disappearance from the burglarized home.  After he was appointed counsel on the burglary charge, he was interrogated about the missing woman and child.  He waived his rights under Miranda and confessed to the murders of the woman and child.  In the Texas Court of Criminal Appeals, the defendant argued that his Sixth Amendment right to counsel attached when counsel was appointed on the burglary charge and that his confession should be suppressed because counsel was not present when he was interrogated.  The court agreed with the defendant, holding that "once the right to counsel attaches to the offense charged, it also attaches to any other offense that is very closely related factually to the offense charged."  Id. at 166-67 (internal quotation marks omitted).

6

The Supreme Court said that when it held in McNeil that the Sixth Amendment right to counsel is "offense specific," it "meant what it said." Id. at 164. The Court rejected the "factually related" exception some courts had read into the McNeil offense-specific definition, id. at 168, and held that when the Sixth Amendment right to counsel attaches, it encompasses offenses not formally charged but only if they would be considered the same offense under the test enunciated in Blockburger v. United States, 284 U.S. 299, 304 (1932) (the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not). Cobb, 532 U.S. at 173. The Court held further that burglary and murder were not the same offense under Texas law and, accordingly, "the Sixth Amendment right to counsel did not bar police from interrogating [Cobb] regarding the murders, and [his] confession was therefore admissible." Id. at 174.

Here, the burglaries were separate and distinct offenses, committed at different times and locations and against different victims. The throwing of a rock through a glass door or a window was the only point of similarity in the two cases, and that is de minimis at best. Furthermore, there is nothing in the record to support a finding that the two burglaries arose

7

from the same act or transaction. Indeed, the defendant concedes on brief that it was not the same act or transaction.

Finally, each burglary required proof of a fact that the other did not. The February 12 burglary required proof of the fact that a break-in occurred at Feed and Seed, and the March 22 burglary did not require proof of that fact. The March 22 burglary required proof of the fact that a break-in occurred at the Pet Shop, and the February 12 burglary did not require proof of that fact. Hence, the two break-ins were not the same offense under Blockburger, and this case is indistinguishable from Texas v. Cobb on the "single-prosecution" ground asserted by the defendant.

The defendant argues, however, that the use to which his statement was put also indicates that the interrogation conducted here was really "a part and parcel of a single prosecution." The defendant says the statement was a "single, inseparable statement," it "was intended that the evidence of each burglary was to be used in the prosecution of the other," and "[t]he evidence was so used."

The record does not show, however, that the statement was used in both cases. The two cases were tried separately, and the judge, as the trier of fact in the case under review, emphasized that he would consider only the parts of the statement relevant to the Feed and Seed burglary, and he said

8

that he would treat anything else in the statement as surplusage.

Finally, the defendant argues this case is unlike Texas v. Cobb in that "there was a history of consent to the type of interview that actually occurred" in the Texas case, evidenced by Cobb's lawyer having "allowed two thoroughgoing interviews by the police," while here, "far from observing [the defendant's] right to counsel, the interrogation was done in total disregard of it." We fail to see the relevance of this argument, but whatever its relevance, it overlooks the fact that the defendant, just as the defendant did in Texas v. Cobb, voluntarily waived his rights under Miranda and talked freely with the police, constituting tacit "consent to the type of interview that actually occurred" in this case.[3]

Because the two break-ins involved in this case were not the same offense under Blockburger, we are of opinion that Texas v. Cobb is apposite, that the Sixth Amendment right to counsel did not bar the police from interrogating the defendant about the Feed and Seed break-in, and that his confession was

_____

[3] The defendant cites three cases from other jurisdictions in support of his argument that Texas v. Cobb is not implicated here. United States v. Crews, 171 F. Supp. 2d 93 (D. Conn. 2001); United States v. Red Bird, 146 F. Supp. 2d 993 (D. S.D. 2001); People v. Slayton, 32 P.3d 1073 (Cal. 2001). All three of the cases differ from the present case in their factual bases and, hence, are inapposite.

9

therefore admissible.  Accordingly, we will affirm the judgment of the trial court.

<u>Affirmed</u>.