PRESENT: Hassell, C.J., Lacy, Keenan, Kinser[*], Lemons, Koontz, and Agee, JJ.

JAMES DARRELL WEST

v. Record No. 052263    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                        January 12, 2007
DIRECTOR OF THE
DEPARTMENT OF CORRECTIONS

UPON A PETITION FOR A WRIT OF HABEAS CORPUS

This petition for a writ of habeas corpus was filed under our original jurisdiction. We consider whether the petitioner, James Darrell West, is entitled to relief for his claim that he was denied his Sixth Amendment right to effective assistance of counsel. West bases his claim on counsel's failure to raise at trial a double jeopardy challenge to West's convictions of both aggravated involuntary manslaughter and involuntary manslaughter.

I. Proceedings

West was indicted for aggravated involuntary manslaughter of Burlia Gene Jenkins, Jr., in violation of Code § 18.2-36.1, common law involuntary manslaughter of Jenkins, punishable under Code § 18.2-36, and operating a motor vehicle while under the influence of alcohol (DUI), in violation of Code § 18.2-266. West was convicted of these offenses after a bench trial in the Circuit Court of Henrico County.

The circuit court sentenced West to ten years' imprisonment with five years suspended for the aggravated involuntary

---

[*]Justice Kinser did not participate in the decision of this case.

manslaughter conviction, five years' imprisonment for the common law involuntary manslaughter conviction, and a suspended jail sentence of 30 days for the DUI conviction. The circuit court ordered that the sentences for aggravated involuntary manslaughter and common law involuntary manslaughter be served concurrently.

The Court of Appeals affirmed West's convictions. West v. Commonwealth, 43 Va. App. 327, 597 S.E.2d 274 (2004). We affirmed the Court of Appeals' judgment by order, holding that the Court of Appeals correctly concluded West did not preserve at trial the double jeopardy argument he asserted on appeal. West v. Commonwealth, Record No. 041641 (March 18, 2005).

West filed a petition for a writ of habeas corpus in this Court invoking our original jurisdiction under Code § 8.01-654. We placed this proceeding on our privileged docket, limited to the following question:

> Was counsel's failure to object to petitioner's convictions for both involuntary manslaughter and aggravated involuntary manslaughter as violating double jeopardy prejudicial within the meaning of Strickland v. Washington, 466 U.S. 668 (1984), and, if so, can this Court grant relief where the remedy will not result in petitioner's release from prison as his sentences are being served concurrently?

## II. Facts

On April 17, 2002, Burlia Gene Jenkins, Jr. died from injuries sustained in a car accident. The accident occurred when the vehicle West was driving struck the rear of Jenkins' truck, causing the truck to veer from the road and overturn. Two hours

2

after the accident, West was given a test to determine his blood alcohol content. The test showed that West's blood alcohol content was .10 by weight by volume.

At trial, the Commonwealth asserted that the Fifth Amendment Double Jeopardy Clause would not bar a conviction for both involuntary manslaughter and aggravated involuntary manslaughter. The Commonwealth contended that the common law offense of involuntary manslaughter was not a lesser-included offense of the statutory crime of aggravated involuntary manslaughter. At the sentencing hearing, however, the Commonwealth asked that the circuit court "let the Court of Appeals determine which conviction lies."

In response, West moved to strike the aggravated involuntary manslaughter conviction, arguing that the Commonwealth was required to "make an election" between that offense and the involuntary manslaughter conviction. West did not state, however, that his argument rested on constitutional or double jeopardy grounds.

## III. Discussion

West argues that based on his counsel's failure to raise a double jeopardy objection to his convictions for both aggravated involuntary manslaughter and common law involuntary manslaughter, he was prejudiced within the meaning of Strickland. West contends that absent counsel's ineffective

3

assistance, West would not have been convicted of common law involuntary manslaughter. He further asserts that if he had not been convicted of that offense, he would have qualified under the sentencing guidelines provided pursuant to Code § 19.2-298.01 for a lower recommended sentence on the aggravated involuntary manslaughter conviction. Thus, West maintains, the circuit court would have imposed a shorter penitentiary sentence.

In response, the Commonwealth argues that West was not prejudiced within the meaning of Strickland because he has failed to establish that the circuit court would have imposed a lesser punishment had the common law involuntary manslaughter charge been dismissed. According to the Commonwealth, because the sentencing guidelines are not mandatory, any increase in the guideline range of punishment resulting from West's conviction on both manslaughter charges would not support a conclusion of prejudice. Alternatively, the Commonwealth argues that even if West was prejudiced by counsel's error, this Court lacks jurisdiction to vacate West's common law involuntary manslaughter conviction because such relief would not result in his immediate release.

In deciding these issues, we first consider whether West was denied his Sixth Amendment right to counsel based on counsel's failure to argue at trial that the Fifth Amendment

4

Double Jeopardy Clause barred West from being convicted of both the aggravated involuntary manslaughter and the common law involuntary manslaughter charges.  The Sixth Amendment right to counsel includes the right to the effective assistance of counsel.  Yarborough v. Gentry, 540 U.S. 1, 5 (2003); Strickland v. Washington, 466 U.S. 668, 685-86 (1984); Yarbrough v. Warden, 269 Va. 184, 196, 609 S.E.2d 30, 36 (2005); Lovitt v. Warden, 266 Va. 216, 248, 585 S.E.2d 801, 820 (2003), cert. denied, 541 U.S. 1006 (2004).  This constitutional guarantee entitles a defendant in a criminal trial to reasonably competent counsel who provides assistance that is within the range of competence required of attorneys in criminal cases.  Strickland, 466 U.S. at 687; Yarbrough, 269 Va. at 196, 609 S.E.2d at 37; see Wiggins v. Smith, 539 U.S. 510, 521 (2003).

To prevail on a claim of ineffective assistance of counsel, a petitioner ordinarily must satisfy both parts of the two-part test stated in Strickland.  Strickland, 466 U.S. at 687; Yarbrough, 269 Va. at 196, 609 S.E.2d at 37; Lovitt, 266 Va. at 249, 585 S.E.2d at 820.  The petitioner first must show that "counsel's representation fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 687-88; see also Wiggins, 539 U.S. at 521.  In resolving this issue, the court reviewing the habeas petition "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

5

professional assistance." Strickland, 466 U.S. at 689; see also Kimmelman v. Morrison, 477 U.S. 365, 381 (1986); Yarbrough, 269 Va. at 196, 609 S.E.2d at 37.

When a reviewing court concludes that counsel's performance was deficient under the first part of the Strickland test, the petitioner is required, under the second part of the Strickland test, to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Wiggins, 539 U.S. at 534; Lovitt, 266 Va. at 250.

In the present case, we conclude that counsel's performance fell below an objective standard of reasonableness. The Fifth Amendment Double Jeopardy Clause provides three guarantees: 1) protection against a second prosecution for the same offense after acquittal of that offense; 2) protection against a second prosecution for the same offense after conviction of that offense; and 3) protection against multiple punishments for the same offense. Brown v. Ohio, 432 U.S. 161, 165 (1980); North Carolina v. Pearce, 395 U.S. 711, 717 (1969); Stephens v. Commonwealth, 263 Va. 58, 62, 557 S.E.2d 227, 229-30 (2002); Coleman v. Commonwealth, 261 Va. 196, 199, 539 S.E.2d 732, 733 (2001); Payne v. Commonwealth, 257 Va. 216, 227, 509 S.E.2d 293, 300 (1999); Blythe v. Commonwealth, 222 Va. 722, 725, 284 S.E.2d

6

796, 797 (1981).  In the single-trial context applicable here, "the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense."  Brown, 432 U.S. at 165; Stephens, 263 Va. at 62, 557 S.E.2d at 230; Coleman, 261 Va. at 199-200, 539 S.E.2d at 734; Payne, 257 Va. at 227, 509 S.E.2d at 300; Blythe, 222 Va. at 725, 284 S.E.2d at 798.

In determining whether a defendant who has been convicted of two offenses may receive multiple punishments, the test to be applied is "whether each [offense] requires proof of a fact which the other does not."  Blockburger v. United States, 284 U.S. 299, 304 (1932); Brown, 432 U.S. at 166; Commonwealth v. Hudgins, 269 Va. 602, 605, 611 S.E.2d 362, 364 (2005); Alston v. Commonwealth, 264 Va. 433, 438, 570 S.E.2d 801, 804 (2002); Coleman, 261 Va. at 200, 539 S.E.2d at 734.  In applying this test, the two offenses must be considered in the abstract, rather than in the context of the facts of the particular case being reviewed.  Whalen v. United States, 445 U.S. 684, 694 n.8 (1980); Hudgins, 269 Va. at 606, 611 S.E.2d at 365; Coleman, 261 Va. at 200, 539 S.E.2d at 734.

We conclude that when viewed in the abstract, the charges in the present case do not qualify as separate offenses within the meaning of the Blockburger test.  The offense of common law involuntary manslaughter does not require proof of a fact different from those required for a conviction of aggravated involuntary manslaughter under Code § 18.2-36.1.

7

The statutory offense of aggravated involuntary manslaughter has three elements: 1) driving under the influence in violation of Code § 18.2-266 or a substantially similar ordinance; 2) unintentionally causing the death of another as a result of this conduct; and 3) acting in a manner "so gross, wanton and culpable as to show a reckless disregard for human life." Code § 18.2-36.1; Stevens v. Commonwealth, 272 Va. 481, 487, 634 S.E.2d 305, 309 (2006). In contrast, the crime of common law involuntary manslaughter has two elements: 1) the accidental killing of a person, contrary to the intention of the parties; and 2) the death occurs in the defendant's prosecution of an unlawful but not felonious act, or in the defendant's improper performance of a lawful act. Cable v. Commonwealth, 243 Va. 236, 240, 415 S.E.2d 218, 220 (1992); Dowden v. Commonwealth, 260 Va. 459, 470, 536 S.E.2d 437, 443 (2000); Gooden v. Commonwealth, 226 Va. 565, 571, 311 S.E.2d 780, 784 (1984). To constitute involuntary manslaughter, the "improper" performance of a lawful act must amount to an unlawful commission of that lawful act, manifesting criminal negligence. Cable, 243 Va. at 240, 415 S.E.2d at 220; Kirk v. Commonwealth, 186 Va. 839, 847, 44 S.E.2d 409, 413 (1947).

Because the common law crime of involuntary manslaughter does not require proof of a fact that is not also required for a conviction of aggravated involuntary manslaughter under Code § 18.2-36.1, convictions for both these offenses resulted in West receiving multiple punishments for the same offense. Thus, a timely assertion of the bar of double jeopardy would have

8

protected West from receiving multiple punishments for those convictions.  See Brown, 432 U.S. at 165; Stephens, 263 Va. at 62, 557 S.E.2d at 230; Coleman, 261 Va. at 199, 539 S.E.2d at 734; Payne, 257 Va. at 227, 509 S.E.2d at 300; Blythe, 222 Va. at 725, 284 S.E.2d at 798.  We hold that reasonably competent counsel would have asserted this constitutional guarantee on West's behalf at trial, and that counsel's failure to do so "fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 687–88.

Having concluded that West did not receive effective assistance of counsel at trial, we turn to consider the second part of the Strickland test, commonly referred to as the "prejudice" prong.  We must determine whether counsel's failure to assert the bar of double jeopardy at trial prejudiced West, creating a reasonable probability that, but for counsel's failure, the result of the proceeding would have been different. See Strickland, 466 U.S. at 694.

We hold that West suffered prejudice as defined by Strickland.  The additional manslaughter conviction resulted in West being convicted of two felonies with two distinct punishments imposed, instead of one felony conviction with one punishment.  The fact that the circuit court imposed the sentences concurrently, rather than consecutively, does not alter our conclusion that West was prejudiced.  The sentences were separately imposed and, but for counsel's failure, West would have received only one felony conviction with one accompanying punishment.

9

In reaching this conclusion, we reject West's argument that he also suffered prejudice because his conviction of the two felony offenses made him subject to an increased range of punishment under the sentencing guidelines. West's argument is without merit because the guidelines provided by Code § 19.2-298.01 are discretionary, rather than mandatory. Under that statute, the circuit court was required only to consider the sentencing guidelines before sentencing West and to file with the record of the case a written explanation of any departure from the indicated range of punishment. Code § 19.2-298.01(B).

Moreover, the statute further provides that the "failure to follow any or all of the provisions in this section or the failure to follow any or all of the provisions of this section in the prescribed manner shall not be reviewable on appeal or the basis of other post-conviction relief." Code § 19.2-298.01(F). Thus, the fact that the sentencing guidelines in West's case may have been different had he been convicted only of one, instead of two felonies, does not provide him any basis for post-conviction relief on the aggravated involuntary manslaughter conviction in this habeas corpus petition.

Because West suffered prejudice as defined by <u>Strickland</u>, we must consider the appropriate relief that he should be afforded. The Commonwealth requests that this Court, in the exercise of its discretion, decline to grant West relief from his common law involuntary manslaughter conviction by applying the "concurrent sentencing doctrine." The question whether we should apply this

10

"doctrine" presents an issue of first impression in this Commonwealth.

Other jurisdictions, through application of the "concurrent sentencing doctrine," have selectively exercised their discretion to decline review of the validity of a defendant's criminal conviction when 1) a defendant has received two or more concurrent sentences on multiple counts of an indictment; 2) one or more of those convictions is not challenged or is upheld as valid; and 3) a ruling in the defendant's favor on the remaining conviction would not reduce the period of imprisonment the defendant is required to serve on the valid conviction or convictions.  See Williams v. Maggio, 714 F.2d 554, 555 (5th Cir. 1983); United States v. Smith, 601 F.2d 972, 973 (8th Cir. 1979); United States v. Weems, 414 F.2d 417, 418–19 (2nd Cir. 1969); State v. Edwards, 755 P.2d 821, 822 (Wash. Ct. App. 1988); Smith v. State, 443 A.2d 985, 995 (Md. App. 1982).  The "concurrent sentencing doctrine" is not applied, however, in cases in which a defendant would suffer prejudice or be exposed to a "substantial risk of adverse collateral consequences that might flow from an invalid but unreversed conviction."  Smith, 601 F.2d at 973–74 (quoting Sanders v. United States, 541 F.2d 190, 193 n.1 (8th Cir. 1976)).

The "concurrent sentencing doctrine" is essentially a rule grounded in judicial economy and convenience.  See Benton v. Maryland, 395 U.S. 784, 792 (1969); United States v. Stovall, 825 F.2d 817, 824 (5th Cir. 1987); United States v. Fuentes-

11

*Jimenez*, 750 F.2d 1495, 1497 (11th Cir. 1985); *Atkins v. Hopper*, 216 S.E.2d 89, 91 (Ga. 1975); *Frizzell v. State*, 238 So.2d 67, 69 (1970). Addressing the merits of this doctrine, we observe that the doctrine assigns a higher priority to concerns of judicial efficiency than to relief entitled a petitioner under our federal constitution. Because acceptance of such a perspective would close the doors of our courts to many petitioners regardless of the merits of their claims, we decline to apply the "concurrent sentencing doctrine" in Virginia. Instead, we adopt the view expressed by the Supreme Court of Georgia that the burden of any inconvenience in the administration of our justice system "should rest on the shoulders of the judiciary rather than on those of an imprisoned petitioner." *Atkins*, 216 S.E.2d at 91. Therefore, we hold that West is entitled to habeas corpus relief from his common law involuntary manslaughter conviction and sentence.

We find no merit in the Commonwealth's argument that based on our holding in *Virginia Parole Bd. v. Wilkins*, 255 Va. 419, 421, 498 S.E.2d 695, 696 (1998), we lack jurisdiction to grant a writ of habeas corpus because our granting of the writ will not result in West's release from his immediate detention. In *Wilkins*, we considered an appeal in which a circuit court had granted a writ of habeas corpus, ordering that a prisoner "be reviewed for parole" within a specified year. *Id.* at 420, 498 S.E.2d at 695-96. We held that the circuit court erred in

12

granting the writ because the writ "is available only [when] the release of the prisoner from his immediate detention will follow as a result of an order in his favor." Id. at 420-21, 498 S.E.2d at 696.

Although West is serving concurrent sentences on the two manslaughter convictions, our judgment granting a writ of habeas corpus with regard to his common law involuntary manslaughter conviction will result in his release from immediate detention on that conviction and sentence. Therefore, our decision complies with the purpose and scope of the writ of habeas corpus, which is to test the legality of a prisoner's detention. See Code § 8.01-654; Wilkins, 255 Va. at 420, 498 S.E.2d at 696; McClenny v. Murray, 246 Va. 132, 134, 431 S.E.2d 330, 331 (1993); Smyth v. Midgett, 199 Va. 727, 730, 101 S.E.2d 575, 578 (1958).

Accordingly, for these reasons, we will grant a writ of habeas corpus with regard to West's common law involuntary manslaughter conviction and vacate his conviction and sentence on that offense. We will dismiss the remainder of West's petition including his request for relief on the aggravated involuntary manslaughter conviction.

Writ granted in part and dismissed in part.

13