PRESENT:  All the Justices

TIMOTHY WOODARD

                                      OPINION BY
v.  Record No. 130854        JUSTICE LEROY F. MILLETTE, JR.
                                   February 27, 2014
COMMONWEALTH OF VIRGINIA


                FROM THE COURT OF APPEALS OF VIRGINIA

        In this appeal we consider whether the Court of Appeals of

Virginia erred when, after reversing a felony murder conviction

as not being supported by sufficient evidence, it refused to

remand to the circuit court for resentencing two felony drug

convictions, one of which supplied the underlying basis for the

felony murder conviction.

                    I.   Facts and Proceedings

        Timothy Woodard was separately indicted and charged with

(1) felony possession of 3,4-Methylenedioxymethamphetamine

("MDMA") with the intent to distribute in violation of Code

§ 18.2-248, (2) felony sale of MDMA in violation of Code § 18.2-

248, and (3) felony murder in violation of Code § 18.2-33.

Woodard pled not guilty to the indictments and waived a jury

trial.  After hearing the evidence and the arguments of counsel,

the circuit court found Woodard guilty of all three felony

offenses in the indictments.  The felony murder conviction was

based upon the victim's death caused by ingesting the MDMA

Woodard sold to the victim.

During the sentencing hearing, the Commonwealth and Woodard disputed the appropriate sentencing guidelines. Woodard's contention was that the circuit court should consider sentencing guidelines based upon the felony sale of MDMA conviction as the primary offense. This would result in a lower set of guidelines than the Commonwealth's proposed guidelines that utilized the felony murder conviction as the primary offense.

Although the circuit court accepted the sentencing guidelines submitted by the Commonwealth, the court acknowledged Woodard's proposed sentencing guidelines while making its sentencing determinations. The court stated that the sentences it imposed deviated in a downward direction from the guidelines submitted by the Commonwealth, and deviated in an upward direction from the guidelines submitted by Woodard. The court noted that the particular facts of the case warranted deviating from both sets of sentencing guidelines.

The circuit court sentenced Woodard to (1) twenty years with twelve years suspended for the felony conviction for possession of MDMA with the intent to distribute, (2) five years with three years suspended for the felony conviction for sale of MDMA, and (3) ten years with six years suspended for the felony murder conviction.

Woodard timely appealed to the Court of Appeals. Woodard assigned error only to the circuit court's determination that

the evidence was sufficient to support the felony murder conviction.[1]  A single judge of the Court of Appeals, by a per curiam order, denied Woodard's appeal.  Woodard v. Commonwealth, Record No. 2048-11-3 (May 9, 2012).  Upon Woodard's demand for panel review pursuant to Rule 5A:15A(a), a three judge panel of the Court of Appeals granted Woodard's appeal.  Woodard v. Commonwealth, Record No. 2048-11-3 (Sept. 25, 2012).

In both Woodard's Petition for Appeal and Brief of Appellant submitted to the Court of Appeals, a section titled "Conclusion and Relief Sought" was included.  As part of that section in each pleading, Woodard requested as additional relief that the Court of Appeals remand the case to the circuit court for resentencing of Woodard's felony drug convictions.

The Court of Appeals reversed Woodard's felony murder conviction.  Woodard v. Commonwealth, 61 Va. App. 567, 576, 739 S.E.2d 220, 224 (2013).  However, the Court of Appeals refused to remand the case to the circuit court for resentencing of Woodard's two felony drug convictions on the basis that such relief was outside of the scope of Woodard's assignment of error.  Id. at 576 n.5, 739 S.E.2d at 224 n.5.

---

[1] Woodard did not assign error to the circuit court's rejection of his proposed sentencing guidelines that utilized the felony sale of MDMA conviction, rather than the felony murder conviction, as the primary offense.

3

Woodard timely filed a petition for appeal with this Court. This appeal presents one assignment of error:

1. The Court of Appeals erred by not remanding the two remaining convictions . . . for a new sentencing proceeding, after having reversed and dismissed the felony murder conviction.

## II. Discussion

### A. Standard of Review

"[O]nce a court has entered a judgment of conviction of a crime, the question of the penalty to be imposed is entirely within the province of the [General Assembly], and the court has no inherent authority to depart from the range of punishment legislatively prescribed." Starrs v. Commonwealth, 287 Va. 1, 9, 752 S.E.2d 812, ___ (2013). However, within that range of punishment, a sentencing court has inherent discretion to impose the punishment it deems appropriate because "[u]nder our system, the assessment of punishment is a function of the judicial branch of government." Hinton v. Commonwealth, 219 Va. 492, 496, 247 S.E.2d 704, 706 (1978). A court's assessment of punishment, when the sentence "does not exceed the maximum sentence allowed by statute," is reviewed for an abuse of discretion. Rawls v. Commonwealth, 272 Va. 334, 351, 634 S.E.2d 697, 706 (2006).

To the extent we interpret a statute or the Rules of the Supreme Court, these are questions of law that we review de

novo.  Findlay v. Commonwealth, 287 Va. 111, 114, 752 S.E.2d 868, ___ (2013); Jay v. Commonwealth, 275 Va. 510, 517, 659 S.E.2d 311, 315 (2008).

B.    Woodard's Assignments of Error

The parties dispute whether Woodard's single assignment of error to this Court is sufficient under Rule 5:17(c)(1).  We hold that Woodard's assignment of error to this Court is sufficient.  See Findlay, 287 Va. at 116, 752 S.E.2d at ___.

The parties also dispute whether resentencing relief fell within the scope of Woodard's single assignment of error to the Court of Appeals.  We assume without deciding that resentencing relief fell within the scope of Woodard's single assignment of error to the Court of Appeals.  See Rule 5A:12(c)(1); see, e.g., Commonwealth v. Fairbrook Bus. Park Assocs., 244 Va. 99, 105, 418 S.E.2d 874, 878 (1992) (addressing issues within the scope of an assignment of error, and not reaching issues beyond the scope of the assignments of error).

C.    Whether the Circuit Court Abused Its Discretion in Imposing Woodard's Sentences

The circuit court did not abuse its discretion when imposing Woodard's sentences for his three convictions.  Each conviction for a separate felony offense received a separate sentence.  The circuit court's soliloquy at the sentencing hearing showed that the court considered each felony offense

separately when deciding the appropriate sentence. And each sentence fell within the range of permissible punishment prescribed by the General Assembly. See Code §§ 18.2-33; 18.2-248. Woodard does not otherwise challenge the validity of his sentences in and of themselves, and we will not further assess the correctness of those sentences.

D.    Whether the Discretionary Sentencing Guidelines Present a Basis for Remanding the Case for Resentencing

Woodard argues that the case should be remanded to the circuit court for resentencing because, during such a resentencing proceeding, the sentencing guidelines will be different than during the first sentencing hearing. This argument misapprehends the discretionary nature of the sentencing guidelines.

The General Assembly created within the judicial branch the Virginia Criminal Sentencing Commission. Code § 17.1-800. The Commission "develop[s] discretionary sentencing guidelines" to help achieve the General Assembly's policy goals in punishing and deterring convicted criminals. Code § 17.1-801. The Commission's sentencing guidelines are presented to a trial court in all felony cases not involving a Class 1 felony. Code § 19.2-298.01(A).

The Commission's sentencing guidelines "are discretionary, rather than mandatory." West v. Director, Dep't of Corr., 273

6

Va. 56, 65, 639 S.E.2d 190, 196 (2007).  We underscored this point in the context of a Strickland ineffective assistance of counsel claim at issue in West.  We held that a counsel's deficient performance, resulting in a defendant being convicted of two felonies rather than one, did not prejudice the defendant to the extent that the two convictions resulted in "an increased range of punishment under the sentencing guidelines."  Id. at 63-65, 639 S.E.2d at 195-96.  Prejudice did not exist because the sentencing guidelines are purely discretionary.  Id. at 65, 639 S.E.2d at 196.  We further concluded that, under Code § 19.2-298.01(F),[2] "the fact that the sentencing guidelines in West's case may have been different had he been convicted only of one, instead of two felonies," could not provide West "any basis for post-conviction relief."  Id.

Applying those principles, we hold that Woodard is not entitled to seek relief through a new sentencing proceeding because of the fact that the sentencing guidelines with a felony murder conviction would be different than the sentencing guidelines without a felony murder conviction.  See Code § 19.2-298.01(F); West, 273 Va. at 65, 639 S.E.2d at 196.  Those guidelines are discretionary and are not binding on the circuit

---

[2] "The failure to follow any or all of the provisions of this section or the failure to follow any or all of the provisions of this section in the prescribed manner shall not be reviewable on appeal or the basis of any other post-conviction relief."  Code § 19.2-298.01(F).

court's determination of the appropriate sentence. Indeed, the circuit court expressly noted that it was deviating from the sentencing guidelines—both the higher range of punishment from the Commonwealth's accepted guidelines and the lower range of punishment from Woodard's rejected guidelines—in light of the particular facts of the case before it.

## III. Conclusion

The circuit court did not abuse its discretion. Woodard suffered no reviewable injury from the fact that the sentencing guidelines would have been different had Woodard not been convicted of felony murder at the time the circuit court sentenced Woodard for his felony drug convictions. Therefore, the Court of Appeals did not err, after reversing Woodard's felony murder conviction, in refusing to remand Woodard's two felony drug convictions to the circuit court for resentencing. Accordingly, we will affirm the judgment of the Court of Appeals.

Affirmed.


JUSTICE McCLANAHAN, concurring.

I agree with the majority that the Court of Appeals did not err in refusing to remand Woodard's case for resentencing of his two remaining drug convictions. However, I believe the Court of Appeals correctly determined that the remand and resentencing

8

issue was not properly before it, and I would affirm the decision rendered by the Court of Appeals without reaching the merits of Woodard's claim.

In his petition to the Court of Appeals, Woodard included only one assignment of error challenging the sufficiency of the evidence supporting his felony murder conviction. He did not assign error to the circuit court's use of the felony murder sentencing guidelines.

Under Rule 5A:12(c)(1)(i), "[o]nly assignments of error assigned in the petition for appeal will be noticed by [the Court of Appeals]." In Amin v. County of Henrico, 286 Va. 231, 235, 749 S.E.2d 169, 170 (2013) (emphasis added), we interpreted this requirement and stated that "[o]rdinarily when a party fails to comply with Rule 5A:12, the Court of Appeals may refuse to consider any assignment of error that is . . . not properly included in the petition for appeal."[*] Because Woodard failed to assign error to the circuit court's use of the felony murder sentencing guidelines, the Court of Appeals did not err in declining to consider that issue.

---

[*] The only exception to this rule that we have recognized applies to judgments that are void ab initio. See Singh v. Mooney, 261 Va. 48, 51–52, 541 S.E.2d 549, 551 (2001). Woodard does not argue here that the circuit court's judgment is void ab initio.