COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, O'Brien and Russell*

JAMES RYAN SAUNDERS

v.      Record No. 0028-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION**
PER CURIAM
JULY 12, 2022

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Michelle J. Atkins, Judge

(J. Barry McCracken, Assistant Public Defender, on brief), for
appellant.

(Jason S. Miyares, Attorney General; Justin B. Hill, Assistant
Attorney General, on brief), for appellee.


James Ryan Saunders appeals the sentence imposed upon him by the City of Norfolk Circuit

Court on one count of petit larceny, third or subsequent offense. Appellant argues that the trial court

abused its discretion in imposing a sentence that was "excessive under all the circumstances." After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

Accordingly, for the reasons that follow, we affirm the judgment of the trial court.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*,

---

* Justice Russell participated in the hearing and decision of this case prior to his investiture
as a Justice of the Supreme Court of Virginia.

** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

Accordingly, we "discard the evidence of the [accused] in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Gerald*, 295 Va. at 473 (quoting *Kelley v. Commonwealth*, 289 Va. 463, 467-68 (2015)).

Appellant pled guilty to one count of petit larceny, third or subsequent offense, in violation of Code §§ 18.2-96 and 18.2-104.[1] The written plea agreement provided that "[a]ll terms and conditions of the Defendant's sentence shall be left to the sole discretion of the sentencing judge[,] [e]xcept no period of active incarceration shall exceed the [h]igh [e]nd of the guidelines." After accepting appellant's guilty plea, the trial court ordered the preparation of a presentence investigation report (PSR) and scheduled the matter for sentencing.

At the sentencing hearing, the trial court admitted the PSR into evidence as an exhibit and considered the guidelines, which recommended a sentence of seven months at the low end, one year at the midpoint, and one year and six months at the high end.[2] The trial court also considered mitigating evidence presented by the defense, the arguments of counsel, and appellant's statement in allocution, before sentencing appellant to three years' incarceration, with two years suspended, for

---

[1] When appellant entered his guilty plea in October 2019, Code § 18.2-104 elevated misdemeanor theft offenses to felony status in cases where the accused was proven to have two or more prior theft offenses on his criminal record. Appellant did not appear for his initial sentencing hearing in January 2020 and was a fugitive until his arrest in August 2021. Thus, he was not sentenced for the offense until December 2021, after the repeal of Code § 18.2-104 in July 2021.

[2] In the time between his guilty plea hearing and the sentencing hearing, appellant was convicted of numerous misdemeanor and felony offenses in another jurisdiction, resulting in a higher guidelines range than previously expected.

an active period of incarceration of one year, which represented the midpoint of the range suggested by the sentencing guidelines.

Appellant noted this appeal.

## ANALYSIS

Appellant contends that the sentence he received was "excessive" because it did not "adequately take into account the facts and circumstances surrounding" his case, and thus, constituted an abuse of the trial court's discretion. We disagree.

"We review [a] trial court's sentence for abuse of discretion." *Johnson v. Commonwealth*, 63 Va. App. 175, 181 (2014) (quoting *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011)). A trial court abuses its discretion

> when a relevant factor that should have been given significant
> weight is not considered; when an irrelevant or improper factor is
> considered and given significant weight; and when all proper
> factors, and no improper ones, are considered, but the court, in
> weighing those factors, commits a clear error of judgment.

*Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013) (quoting *Landrum v. Chippenham & Johnston-Willis Hosps.*, *Inc.,* 282 Va. 346, 352 (2011)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)). Accordingly, we may reverse a trial court's sentencing decision "only upon clear evidence that [the decision] was not judicially sound[.]" *DeLuca v. Commonwealth*, 73 Va. App. 567, 575 (2021) (alterations in original) (quoting *Jefferson v. Commonwealth*, 27 Va. App. 477, 488 (1998)).

In general, "we will not interfere with the sentence so long as it was within the range set by the legislature for the particular crime of which the defendant was convicted." *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019) (internal quotation marks omitted) (quoting *Scott*, 58 Va. App. at 46). That is, where the argument on appeal "is simply a challenge to the duration of

imprisonment," an appellate court will evaluate only whether the sentence exceeded the maximum penalty prescribed by the sentencing statute. *Du*, 292 Va. at 564. The trial court's sentencing decision "will not be disturbed as long as it stays within" the range of punishment set by the legislature "and is not influenced by any mistake of law." *Id*. at 563-64 (quoting *Lawlor*, 285 Va. at 212-13). Moreover, although the trial court must "review and consider the suitability of the applicable discretionary sentencing guidelines," Code § 19.2-298.01, it is well settled that the Virginia Criminal Sentencing Guidelines are "discretionary, rather than mandatory." *West v. Dir. of Dep't of Corr.*, 273 Va. 56, 65 (2007).

When appellant entered his guilty plea, Code §§ 18.2-96 and 18.2-104 provided that third offense petit larceny was a Class 6 felony, punishable by a "term of imprisonment of not less than one year nor more than five years, or . . . confinement in jail for not more than 12 months and a fine of not more than $2,500, either or both." Code § 18.2-10. Appellant's sentence fell within his guidelines range and the statutory range for a Class 6 felony.

Although a trial court normally has the discretion to sentence a defendant anywhere within the statutory range, that discretion was limited in this case by the plea agreement that was entered into by the parties and accepted by the trial court. That agreement limited the trial court's normal sentencing discretion, providing that "no period of active incarceration shall exceed the [h]igh [e]nd of the guidelines." The trial court's imposition of one year of active incarceration was less than one year and six months, which represented the high end of the guidelines sentencing range. Accordingly, the sentence imposed fell within the sentencing range appellant agreed to in the plea agreement.

In crafting appellant's sentence, the trial court considered appellant's criminal history, the contents of the PSR, appellant's new offenses while he was a fugitive, and his drug use. The trial court stated that it took "everything into consideration," which included appellant's mitigating

evidence. In so doing, the trial court sentenced appellant to the midpoint of the guidelines. Contrary to appellant's assertion, the sentence imposed upon him is not excessive. Because appellant's sentence was within the applicable statutory range set by the legislature and within the range set by the plea agreement, the trial court did not abuse its discretion in sentencing appellant to three years in prison with two years suspended.

We decline appellant's invitation to "reconsider and discard the dated doctrine that a trial court's sentence will be presumed reasonable so long as it does not exceed a statutorily imposed maximum" or a maximum set by plea agreement. Similar arguments have been rejected in prior published opinions of this Court, and we are bound to follow those opinions under the interpanel accord doctrine. *See Vay v. Commonwealth*, 67 Va. App. 236, 257 (2007). Furthermore, even if we could revisit those decisions, we would remain bound by the decisions of the Supreme Court. *Id.* at 258 n.6.

After considering all of the evidence presented and consulting the Virginia Criminal Sentencing Guidelines, the trial court sentenced appellant to an active period of incarceration within the statutory range and within the range established by the plea agreement. Given that, "our task is complete[,]" *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018), and we affirm the judgment of the trial court.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*