COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges AtLee and Malveaux

JACOB CARRINGTON BOYER

MEMORANDUM OPINION*
v.     Record No. 0273-22-2     PER CURIAM
JULY 26, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF CHARLOTTE COUNTY
Kimberley S. White, Judge**

(Thomas M. Jones, on brief), for appellant.

(Jason S. Miyares, Attorney General; Jeff S. Howell, Jr., Assistant
Attorney General, on brief), for appellee.

Jacob Carrington Boyer appeals the sentence imposed following his guilty plea and

conviction for one count of felony hit-and-run, in violation of Code § 46.2-894. He contends that

the trial court abused its discretion in sentencing him to the statutory maximum sentence. We

hold that the appeal is wholly without merit.[1] Consequently, we affirm the decision of the trial

court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

** The Honorable Kimberley S. White presided over the proceedings below. Now a member of this Court, Judge White took no part in this decision.

[1] After examining the briefs and record in this case, the panel unanimously agrees that because "the appeal is wholly without merit," oral argument is unnecessary. Therefore, we dispense with oral argument in accordance with Code § 17.1-403(ii)(a) and Rule 5A:27(a).

## I. BACKGROUND[2]

On July 16, 2020, Trooper Tanner Jones with the Virginia State Police responded to a traffic accident. A vehicle had struck a pedestrian on Route 15 and left the scene. The trooper observed that the unconscious victim had a "severe laceration," "apparent broken bones," and possible internal injuries, including a punctured lung.

The day after the collision, police investigators located a vehicle behind the appellant's residence with heavy front-end damage and a missing windshield. Police found the vehicle's windshield in a neighboring wooded area. After officers advised the appellant of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), he admitted that he was the driver involved in the hit-and-run the previous evening.

The appellant pled guilty to one count of felony hit-and-run. Before accepting the appellant's guilty plea, the trial court engaged in a plea colloquy to ensure he was entering his pleas freely and voluntarily. At that time, the appellant acknowledged that he had reviewed the elements of the charge and any possible defenses to the charge with his attorney. He recognized that by pleading guilty he waived his right to defend himself and any right to appeal the decision to a higher court. The trial court found that the appellant's guilty plea was entered freely, voluntarily, and intelligently. The court accepted the guilty plea and convicted the appellant of felony hit-and-run.

At sentencing, the Commonwealth offered testimony of the victim. The victim testified that he was "outside of the white line" on the side of the road when he was hit by the appellant's vehicle. He remembered being flown by helicopter to the hospital where he had surgery on his

---

[2] Under settled principles, we state the facts in the light most favorable to the Commonwealth, the prevailing party below. *Gerald v. Commonwealth*, 295 Va. 469, 472-73 (2018). Following the appellant's guilty pleas, the Commonwealth's attorney proffered this evidence to the trial court.

"shoulder, [his] legs, basically [his] whole body really, [his] back, [his] spine." He confirmed that his heart had stopped twice after the collision and that he had to undergo twelve surgeries to his legs. He described how the accident affected his daily life, including his struggle to live independently and his inability to work or play sports.

The victim's sister also testified at the appellant's sentencing. She stated that the victim remained in the hospital from July 2020 to October 2020. She was able to take care of him after his release "for a little while" and eventually found a facility to administer ongoing care. The victim was released from the facility in March 2021, at which point he returned to his sister's home. According to the victim's sister, the victim still required assistance.

The appellant testified on his own behalf at the sentencing hearing. He acknowledged that he wrongly left the scene of the collision and did so because he "panicked." He also admitted that he removed the windshield from his car after the collision and threw it into the woods next to his residence. He stated that he suffered with addiction for "half of [his] life" but denied that he was drunk or had used drugs on the night of the collision. The appellant apologized to the victim for his actions.

The Commonwealth asked the trial court to sentence the appellant above the guidelines and suggested an active sentence of eight years' incarceration because the discretionary sentencing guidelines did not take into consideration the appellant's actions and the effect of the accident on the victim.[3] The appellant argued that he should be sentenced to "anywhere from . . . four to five years, the four being half of what the Commonwealth will be asking." In addition, he requested that the trial court order him to enter a year-long faith-based program to address his addiction. The appellant asked the trial court to give him less time than the

---

[3] The discretionary sentencing guidelines recommended a sentence between one year and one year, four months, with a midpoint of one year, two months.

Commonwealth requested, but also conceded that the court "could give him ten" years' incarceration.

After considering the evidence and the arguments of counsel, the trial court found that the appellant had "a longstanding problem with addiction" and that he already had an opportunity to participate in a first-time offender program but was not successful. Based on the appellant's history, the court expressed doubt that he would follow through with any substance abuse treatment program. It also considered his actions of removing the windshield and disposing of it in the woods "to avoid detection by law enforcement." Finally, the court took into account the lifelong impact the accident had on the victim. It then sentenced the appellant to ten years' incarceration, as well as a two-year term of post-release supervision, ordered pursuant to Code § 19.2–295.2, by imposing a term of post-release incarceration.

## II. ANALYSIS

The appellant challenges his sentence. He contends that the trial court abused its discretion when it imposed an active sentence of ten years' incarceration.[4] Specifically, the appellant maintains that the trial court "ignor[ed] mitigating evidence" including the fact that he "admitted to being the driver of the vehicle that struck the victim." He also asserts that the trial court disregarded the purpose of the sentencing guidelines and erred by imposing a sentence that "greatly exceeded the high end of the discretionary sentencing guidelines," without considering any of the mitigating evidence of the appellant's cooperation and admission of guilt to law enforcement, his guilty plea, or his apology to the victim.

---

[4] The Commonwealth argues that the appellant did not preserve his arguments for appeal because he did not object to the trial court's imposition of ten years' active incarceration at the sentencing hearing. We find that the appellant sufficiently preserved his issue for appeal in his closing argument. *See Rompalo v. Commonwealth*, 72 Va. App. 147, 155 n.2 (2020) ("In a bench trial, a defendant can preserve the issue by raising the argument in a renewed motion to strike or during closing arguments."), *aff'd*, 299 Va. 683 (2021).

We review a trial court's sentencing decision for abuse of discretion. *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016). "When exercising its discretionary power . . . the trial court 'has a range of choice, and its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Id.* at 563-64 (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212-13 (2013)). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Id.* at 564 (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Id.* at 563. "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.*

Moreover, the "sentencing guidelines 'are discretionary, rather than mandatory.'" *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019) (quoting *West v. Dir. of Dep't of Corr.*, 273 Va. 56, 65 (2007)). A trial court's "failure to follow the guidelines is 'not . . . reviewable on appeal.'" *Id.* (quoting Code § 19.2-298.01(F)). "The General Assembly only requires the circuit court 'to consider the sentencing guidelines before sentencing [the appellant] and to file with the record of the case a written explanation of any departure from the indicated range of punishment.'" *Id.* at 248-49 (quoting *West*, 273 Va. at 65). Here, the record reflects that the trial court considered the sentencing guidelines but found that they were not appropriate considering the totality of the circumstances. Acknowledging the range of punishment statutorily authorized by the General Assembly, the court described this case as "one of the worst." In reviewing the appellant's criminal history, the trial court emphasized that on another occasion the appellant had "nearly killed

- 5 -

someone" while dealing and using drugs.  The court also stressed his history of non-compliance with probation.

The weight to assign to any mitigating factors the appellant presented was within the trial court's purview.  *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).  Here, the court heard the mitigating and aggravating evidence presented by the parties.  Balanced against the appellant's mitigation evidence were substantial facts in aggravation.  The court emphasized the appellant's longstanding problem with addiction and that he had previously failed to complete a first offender program for his prior drug offenses.  The court also emphasized the gravity of the victim's injuries and the appellant's attempt to deceive law enforcement by removing the windshield from his vehicle.  The sentence the trial court imposed was within the range set by the legislature.  *See* Code §§ 18.2-10 and 46.2-894.  Once it is determined that the sentence was within the statutory range, appellate review is complete.  *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018).

### III.  CONCLUSION

The trial court did not abuse its discretion by imposing a sentence within the statutory maximum range.  Accordingly, the trial court's decision is affirmed.

*Affirmed.*