COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Decker, Judges Beales and Lorish
Argued at Richmond, Virginia


DOUGLAS WAYNE POTTER

                                          MEMORANDUM OPINION* BY
v.        Record No. 0885-23-2              JUDGE RANDOLPH A. BEALES
                                                   JULY 23, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
David E. Johnson, Judge

Kelsey Bulger, Senior Appellate Attorney (Virginia Indigent Defense
Commission, on briefs), for appellant.

Kelly L. Sturman, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Douglas Wayne Potter pleaded guilty to possession with the intent to sell, give, or

distribute a Schedule I or II controlled substance, in violation of Code § 18.2-248.  On appeal,

Potter challenges the sentence imposed by the Circuit Court of Chesterfield County and argues

that "[t]he trial court abused its discretion in sentencing Mr. Potter to an active prison sentence of

fifteen years."

I.  BACKGROUND

The attorney for the Commonwealth proffered at Potter's guilty plea hearing that on

December 30, 2021, Chesterfield County police responded to a call about an unconscious

individual in a vehicle.  The responding officers identified Potter as that unconscious individual,

and they used Narcan to revive him.  The police found a container on Potter that held suspected

narcotics.  Subsequent forensic testing of the substance found in the container determined that it

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

contained more than 98 grams of fentanyl. A narcotics expert for the Commonwealth would have testified that the amount of fentanyl recovered from Potter was inconsistent with personal use. In addition, during an interview with the police, Potter stated that "he was found overdosed with three ounces of heroin in his lap. He said he had that amount to help out friends and that he gives it to friends."

Potter was charged with possession with the intent to sell, give, or distribute a Schedule I or II controlled substance, in violation of Code § 18.2-248. On January 13, 2023, Potter pleaded guilty to the drug charge. After accepting Potter's guilty plea, the trial court convicted Potter as charged in the indictment, and it ordered a presentence report and an evaluation by the Community Corrections Alternative Program (CCAP).

At the sentencing hearing, the trial judge indicated that he had received the sentencing guidelines, the work sheets, the presentence report, and a letter from CCAP. The letter stated that Potter had been accepted into CCAP. In addition, counsel for Potter offered a certificate of achievement for Potter's participation in a mental health recovery course. Potter's counsel acknowledged Potter's lengthy criminal record and the large quantity of drugs found on him. However, he noted that Potter had been in a car crash when he was 18 years old "that resulted in a lot of damage and resulted in a lifelong substance habit." Counsel for Potter further noted that Potter's recent criminal history involved "mainly driving charges," and he maintained that Potter had no prior conviction for possession of a drug with the intent to distribute. Potter's counsel requested that Potter be placed in CCAP or that he be sentenced at the low end of the sentencing guidelines.

The attorney for the Commonwealth argued that Potter's criminal record as an adult extended back 35 years and included 20 probation violations. The attorney for the Commonwealth emphasized that Potter had served two prison sentences and that his criminal

conduct had "continued . . . throughout his entire lifetime."  He further emphasized that even though Potter "had approximately 50,000 lethal dosages of Fentanyl" in his possession, "the sentencing guidelines haven't caught up to Fentanyl," and they fail to account for "what the particular drug could do to the community."  Asserting that "these guidelines do not reflect accurately what this case is worth," the attorney for the Commonwealth asked the trial court "to deviate above the guidelines" in sentencing Potter.  During allocution, Potter acknowledged, "I basically am a drug addict.  I'm trying hard.  I never had received treatment before until this right here what I'm doing right now."

The trial court sentenced Potter to 30 years of imprisonment, with 15 years suspended for a period of 30 years, plus a period of supervised probation not to exceed 5 years.  On the discretionary sentencing guidelines worksheets, the trial judge wrote that he had departed from the discretionary sentencing guidelines based on Potter's "[f]orty-year criminal record" and his assessment that the "[g]uidelines have not caught up w/ Fentanyl."  Potter appeals.

## II.  ANALYSIS

On appeal to this Court, Potter contends, "The trial court abused its discretion in sentencing Mr. Potter to an active prison sentence of fifteen years."  Potter argues that the trial judge's imposition of sentence was wrongly influenced by his consideration of what he claims is an improper factor — "the assumption that the guidelines need to 'catch up' with fentanyl to punish its users more harshly."  Potter further argues that there was "no evidence that the Sentencing Commission sought to punish users of fentanyl more seriously," and he asserts that the trial judge "considered an improper factor" when the trial judge sentenced Potter "based on what he believed the guidelines *should be*, instead of *what they actually were*."

A trial court's sentence is reviewable on appeal as an abuse of discretion.  *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016).  As the Supreme Court has reiterated,

- 3 -

A trial court abuses its discretion "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; or when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment."

*Murry v. Commonwealth*, 288 Va. 117, 122 (2014) (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)). The Supreme Court has explained that "once it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Minh Duy Du*, 292 Va. at 565 (quoting *Dorszynski v. United States*, 418 U.S. 424, 431 (1974)). "This is the extent of our substantive sentencing review '[a]bsent an alleged statutory or constitutional violation.'" *Cellucci v. Commonwealth*, 77 Va. App. 36, 49 (2023) (*en banc*) (alteration in original) (quoting *Minh Duy Du*, 292 Va. at 563).

Here, Potter was found with "approximately 50,000 lethal dosages of Fentanyl," which was clearly inconsistent with personal use. He pleaded guilty to possession of fentanyl with the requisite intent under Code § 18.2-248. The Commonwealth argued to the trial court that "the sentencing guidelines haven't caught up to Fentanyl" and that they fail to account for "what the particular drug could do to the community." The trial judge specifically stated that he based Potter's sentence on (1) Potter's "[f]orty-year criminal record" and (2) his assessment that the discretionary sentencing "[g]uidelines have not caught up w/ Fentanyl," given the Commonwealth's argument about the pervasive societal harm caused by fentanyl.

The Supreme Court has adhered to the principle that criminal sentencing decisions "must rest heavily on judges closest to the facts of the case — those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Minh Duy Du*, 292 Va. at 563 (noting that "the judge closest to the contest is the judge best able to discern where the equities lie" (quoting *Sauder v. Ferguson*, 289 Va. 449,

- 4 -

459 (2015))). The Virginia Criminal Sentencing Commission's sentencing guidelines "are discretionary, rather than mandatory." *Woodard v. Commonwealth*, 287 Va. 276, 281 (2014) (quoting *West v. Director, Dep't of Corr.*, 273 Va. 56, 65 (2007)). Code § 19.2-298.01(F) states, "The failure to follow any or all of the provisions of this section [dealing with the discretionary sentencing guidelines] or the failure to follow any or all of the provisions of this section in the prescribed manner shall not be reviewable on appeal or the basis of any other post-conviction relief." In short, the trial judge's reference to the Commonwealth's argument that the discretionary sentencing guidelines did not yet reflect the serious harm flowing from the sale and distribution of fentanyl simply further explained the trial judge's decision to deviate from the discretionary sentencing guidelines in sentencing Potter — along with Potter's 40-year criminal record. Given that the sentencing guidelines are discretionary and given the limitations placed upon this Court by Code § 19.2-298.01(F), we certainly cannot say that a trial judge's disagreement with how the sentencing guidelines account for a given factor is an improper factor creating a statutory or constitutional issue. Therefore, the record before us on appeal does not support a finding that the trial judge committed a procedural error or that he considered an improper factor in fashioning Potter's sentence.

In addition, Potter's sentence of 30 years of imprisonment, with 15 years suspended for a period of 30 years, clearly fell below the statutory maximum of 40 years under Code § 18.2-248. *See Minh Duy Du*, 292 Va. at 565; *Taylor v. Commonwealth*, 77 Va. App. 149, 176-77 (2023). Potter has not pointed to any mitigating evidence that the trial judge wrongly disallowed or failed to consider during sentencing. *See Cellucci*, 77 Va. App. at 49. Given that the sentencing guidelines are wholly discretionary, and in light of the applicable standard of review, we certainly cannot say that the trial court abused its broad sentencing discretion in this case.

## III.  CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment, and we do not disturb Potter's sentence.

*Affirmed.*