COURT OF APPEALS OF VIRGINIA

Present: Senior Judges Annunziata, Clements and Haley

ROGER LEE COMPTON, JR.

MEMORANDUM OPINION*
v.      Record No. 0798-21-3                          PER CURIAM
APRIL 26, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James J. Reynolds, Judge

(Eric T. Cronin, Senior Trial Attorney), for appellant. Appellant
submitting on brief.

(Jason S. Miyares, Attorney General; Sharon M. Carr, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.

Appellant's counsel has moved for leave to withdraw. The motion to withdraw is

accompanied by a brief referring to the part of the record that might arguably support this appeal.

A copy of that brief has been furnished to appellant with sufficient time for him to raise any

matter that he chooses. On appeal, appellant argues that the trial court abused its discretion by

revoking his previously suspended sentence. He also appears to argue, *pro se*, that he did not

receive credit for time served and that he received ineffective assistance of counsel. We have

reviewed the parties' pleadings, fully examined the proceedings, and determined the case to be

wholly without merit as set forth below. Thus, the panel unanimously holds that oral argument is

unnecessary. *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

On August 27, 2014, the trial court convicted appellant, under his guilty plea, of petit larceny, third or subsequent offense, in violation of Code §§ 18.2-103 and 18.2-104. The trial court sentenced appellant to four years' incarceration with two years and six months suspended. Appellant was released from incarceration on June 12, 2017.

On March 12, 2018, appellant's probation officer filed a major violation report detailing appellant's non-compliance with probation. The report stated that appellant had been charged with possession of a firearm by a convicted felon, burglary, and grand larceny. The report also stated that appellant had failed to report. On May 25, 2018, the trial court found appellant in violation of the terms of his probation and revoked and resuspended the entirety of appellant's two years and six months' suspended sentence.

Appellant's probation officer filed a second major violation report in December 2018. This report included the pending burglary and grand larceny charges as well as new criminal charges for abduction, unauthorized use of a vehicle, and robbery. The report also stated that appellant had been convicted of two misdemeanor counts of public swearing/intoxication. The probation officer received "a community complaint" regarding the incident that led to the public swearing/intoxication convictions. "A family member also reported that [appellant] was found at [a motel] unresponsive and was given Narcan but refused further medical treatment." An

addendum to the major violation report advised that appellant had been convicted of petit larceny, found not guilty of burglary, and his robbery charge was dismissed. Further, his charges for abduction, unauthorized use, and additional counts of robbery and strangulation had been *nolle prosequied*. On February 14, 2020, the trial court found appellant in violation of the terms of his probation and revoked and resuspended all but thirty days of his suspended sentence.

Appellant's third major violation report, dated October 22, 2020, opined that appellant had "made a poor adjustment to supervision since being released from incarceration" and noted that appellant had been arrested for the following: two counts of shoplifting; two counts of public swearing/intoxication; petit larceny, third or subsequent offenses; three counts of trespassing; two counts of failure to appear; and multiple traffic offenses. The report also stated that appellant had been served with a domestic relations protective order, had been terminated from his employment, and had absconded from probation. The trial court issued a show cause on November 25, 2020.

A January 2021 addendum to the major violation report stated that appellant had been convicted of two counts of trespassing, two counts of failure to appear, and a third count of trespassing was *nolle prosequied*. Appellant had also been arrested and convicted for possession of illegally acquired alcohol. Two additional addenda reported that appellant had been arrested and convicted of a new felony petit larceny, third or subsequent offense, and two misdemeanor counts of shoplifting.

At the July 9, 2021 revocation hearing, the trial court took judicial notice of the prior sentencing order, the prior revocation orders, the October 22, 2020 major violation report, and the addenda. Appellant pled guilty to violating the terms and conditions of his probation and suspended sentence. The major violation report and the numerous addenda were collectively marked as Commonwealth's Exhibit A. Over the Commonwealth's objection, appellant

submitted an article from The Star-Tribune, which gave an account of appellant's alleged abduction during the time he absconded from probation.

During the sentencing phase of the hearing, the Commonwealth rested on the probation violation report and its addenda. Appellant's counsel noted that "[he] needs to do better if he is going to be successful on probation." In allocution appellant asked the trial court for mercy. He further contended that some of his violations were not his fault.

After hearing argument from counsel, the trial court found appellant guilty of violating the terms and conditions of his probation. The trial court observed that "the problem with you, [appellant], is you won't keep your hands off other people's property." Appellant responded that "[he] didn't steal nothing." He then argued that none of the establishments that charged him with larceny had any video of the crime, yet he was forced to take the plea bargain because the case kept getting continued. The trial court revoked the remaining two years and five months of appellant's previously suspended sentence. The trial court explained this upward departure from the guidelines in the sentencing revocation report: "Habitual thief deserving of no consideration." Appellant filed a motion to reconsider which the trial court denied. This appeal follows.

ANALYSIS

Appellant, through counsel, contends that the trial court abused its discretion when it upwardly departed from the guidelines and revoked the entirety of the remaining suspended time. He argues that the court's failure to utilize the sentencing guidelines as a tool in affixing the appropriate punishment was an abuse of discretion. He further argues that the trial court should have explained the role the prior sentencing order, and two prior revocation orders, played in crafting his sentence. He also contends that the trial court did not consider his mitigating evidence. Appellant introduced a Star-Tribune article, which corroborated appellant's assertion at the revocation hearing that he was abducted and beaten in October 2021 during the period he

was accused of absconding from supervision. Finally, appellant argues that his punishment is disproportionate to the violation alleged.

Appellant, *pro se*, alleges that he has not been given credit for the time he was incarcerated before being sentenced on the probation violation subject of this appeal, and on the two prior probation violations from 2018 and 2020. Consequently, appellant argues, the trial court "abused [its] discretion not only by sentencing [him] over his guidelines, but to time [he] has already served." Finally, appellant argues that his trial attorney failed to present mitigating evidence at the revocation hearing.

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

"If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). "The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." *Id.*

As relevant to appellant's claim, Code § 19.2-306.1(B) provides that

> [i]f the court finds the basis of a violation of the terms and
> conditions of a suspended sentence or probation is that the
> defendant was convicted of a criminal offense that was committed
> after the date of the suspension, . . . then the court may revoke the

suspension and impose or resuspend any or all of that period previously suspended.

The record demonstrates that appellant had suffered new criminal convictions during the suspension period. Thus, it was within the trial court's discretion to "impose or resuspend any or all" of the previously-suspended sentence. It was equally within the trial court's purview to weigh any mitigating factors appellant presented, such as the Star-Tribune article which gave an account of appellant's alleged abduction during the time he absconded from probation. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). While on probation, appellant accumulated ten convictions; two of which were for the same type of offense as the underlying crime appellant was convicted of in this revocation appeal. These transgressions culminated in appellant absconding from probation. Appellant's disregard of the terms of his suspended sentence supports a finding that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Appellant failed to make productive use of the grace that had been extended to him and continued to engage in criminal conduct during the suspension period.

Accordingly, we hold that the sentence the trial court imposed represents a proper exercise of its sentencing discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 322 (2002) (finding the court did not abuse its discretion by imposing the defendant's previously

suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

The probation violation guidelines, like the standard sentencing guidelines, "are not binding on the trial judge; rather, the guidelines are merely a 'tool' to assist the judge in fixing an appropriate punishment." *Belcher v. Commonwealth*, 17 Va. App. 44, 45 (1993). Code § 19.2-298.01(F) precludes appellate review of whether the trial court adhered to Code § 19.2-298.01(B). Specifically, Code § 19.2-298.01(F) states that "[t]he failure to follow any or all of the provisions of [Code § 19.2-298.01] *in the prescribed manner* shall not be reviewable on appeal or the basis of any other post-conviction relief." (Emphasis added). *See also West v. Dir., Dept. of Corr.*, 273 Va. 56, 65 (2007) (holding Virginia sentencing guidelines are discretionary); *Fazili v. Commonwealth*, 71 Va. App. 239, 248-49 (2019) (holding Code § 19.2-298.01(F) prohibits appellate review of a trial court's failure to follow discretionary sentencing guidelines). In view of this broad statutory exemption from appeal, we hold that examining whether the trial court's written explanation in the sentencing revocation report satisfies Code § 19.2-298.01(B) provides no basis for review on appeal.

To the extent that appellant argues that his sentence was disproportionate, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (*per curiam*)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes"). Accordingly, we find no abuse of discretion with the trial court's sentencing decision.

Further, this Court declines to review appellant's *pro se* argument that trial counsel was ineffective at the July 9, 2021 revocation hearing. "Claims of ineffective assistance are not cognizable on direct appeal . . . ." *Vay v. Commonwealth*, 67 Va. App. 236, 260 (2017); *see Lenz v. Commonwealth*, 261 Va. 451, 460 (2001) ("Claims raising ineffective assistance of counsel must be asserted in a *habeas corpus* proceeding . . . ."). Finally, we note that the record does not support appellant's claim that he was sentenced to time he has already served.

CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). This Court's records shall reflect that Roger Lee Compton, Jr. is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed*.