COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Athey and Callins

RODERICK GORDON

v.     Record No. 1254-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
AUGUST 9, 2022

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

(Kelsey Bulger, Senior Assistant Public Defender; Virginia Indigent
Defense Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Virginia B. Theisen, Senior
Assistant Attorney General, on brief), for appellee.


Roderick Gordon ("Gordon") appeals the final order revoking his previously suspended

sentences. He asserts that the Circuit Court of the City of Chesapeake ("trial court") abused its

discretion when it imposed a sentence that exceeded the recommended sentencing guidelines. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the dispositive" issue in this appeal has been "authoritatively decided, and

the appellant has not argued that the case law should be overturned, extended, modified, or

reversed." Code § 17.1-403(ii)(b); Rule 5A:27(b). For the following reasons, we affirm

Gordon's convictions.

I. BACKGROUND

In 2000, Gordon was convicted of two counts of burglary and two counts of grand larceny.

The trial court sentenced him to sixty years' incarceration, with forty-two years suspended. In

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

February 2015, he was released from incarceration and began supervised probation in California. On December 11, 2015, Gordon's probation officer filed a major violation report detailing Gordon's non-compliance with probation. The report alleged that Gordon had been arrested on counts of burglary, larceny, and resisting arrest in Missouri. The trial court issued a capias on December 28, 2015, which was executed on June 25, 2021. On August 9, 2021, his probation officer filed an addendum to the major violation report noting that Gordon had been convicted of those new charges and sentenced to twenty-four years' incarceration.

At the revocation hearing on October 19, 2021, Gordon did not dispute that he had received new convictions and pled guilty to violating multiple conditions of his probation. The trial court accepted his guilty pleas and found him in violation of the terms of his suspended sentences. The Commonwealth submitted a certified copy of Gordon's Missouri convictions and rested on the record. Gordon submitted, and the court reviewed, four letters of support from family members and friends.

Gordon testified that the State of Missouri had sentenced him to serve twenty-four years for his new convictions of which he served four years and seven months. He explained that his family and support system are in California and that he expected to start a construction job in June. Gordon stated that when he initially was released, he had difficulty adjusting to life after incarceration and made a "bad decision" when he absconded to Missouri. Gordon testified that he has been paroled from his Missouri sentence for a year and has improved. On cross-examination, Gordon stated he originally was paroled in California because his sister lived there. He admitted he absconded from probation in September 2015 and traveled to Missouri in October 2015 where he burglarized a jewelry store and was arrested several days later. The trial court asked Gordon if that was the same type of crime Gordon had been convicted of in Chesapeake. Gordon acknowledged that he had burglarized jewelry stores in Chesapeake. On re-direct examination, Gordon explained

that after serving sixteen and a half years he could not find work and was unable to communicate with his family.

The Commonwealth argued that after serving sixteen years on the original charges, Gordon committed the same type of offense that he was on probation for just eight months after he was released. The last field contact he had with probation in California was May 2015 and thereafter he "went right back to his old ways." The Commonwealth asked the trial court to sentence Gordon to no less than two years.

Gordon argued that he was forthcoming with the trial court and explained why he went to Missouri and acknowledged the difficulty he had adjusting after he was released from incarceration. Now, Gordon asserted, he is in his sixties and too old to continue committing crimes. He asked the court to sentence him within the guidelines. In allocution, Gordon noted that he has been out on parole for one year, has done well, and felt that he was "going in the right direction."

After considering argument from counsel, the trial court summarized that Gordon "stayed on probation for 8 months after serving 18, and then [he went] to another state, commit[ted] the same crime [he] served 18 years for." The trial court noted that "the guidelines are ridiculous, beyond ridiculous to say they were 6 months to a year. That's typical now of these guidelines." The court revoked the total suspended sentences, reimposed ten years on the first burglary charge, and resuspended three years, reimposed ten years on the second burglary charge, and resuspended three years, reimposed ten years on the first grand larceny charge, and resuspended three years, and reimposed twelve years on the second grand larceny charge, and resuspended five years. The seven years he received on each charge will run concurrently. When it departed from the guidelines, the trial court noted:

> Guidelines too low—underlying offenses when [defendant and] 2
> other co[defendants] broke into 3 jewelry stores and took bags of
> jewelry. Caught convicted—sentenced to 18 years to serve.
> Placed on probation in California—but absconded 8 months later

and went to Missouri [and] broke into another jewelry store stealing more than $25,000. Rec'd 24 years to serve total. All sentences concurrent [and] was released after 4 yrs and 7 mos. [Defendant] absconded 5 ½ years.

This appeal followed.

## II. ANALYSIS

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Moreover, under the revocation statute in effect when this revocation proceeding began, once the trial court found that Gordon had violated the terms of the suspension, it was obligated to revoke the suspended sentences and they were in "full force and effect." Code § 19.2-306(C)(ii) (Cum. Supp. 2020).[1] The trial court was permitted—but not required—to resuspend all or part of the sentence. *Id.*; *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

Gordon contends that the trial court abused its discretion by sentencing him to seven years of active incarceration on his first probation violation. He argues that the trial court failed to consider his mitigating evidence, such as his age and familial support for his release. He further

---

[1] Although Code § 19.2-306(C) was amended effective July 1, 2021, Gordon does not argue that the statutory amendment applied in his case and this Court recently held that it did not apply when, as here, the probation violations occurred and the revocation proceeding began before the effective date of the amendment. *See Green v. Commonwealth*, 75 Va. App. 69, ___ & n.4 (2022). Moreover, even under the new statutory framework, the trial court has discretion to impose the balance of a previously suspended sentence when a probationer commits a new offense during the suspension period. *See* 2021 Va. Acts Sp. Sess. I, ch. 538; Code § 19.2-306.1(B).

contends that the trial court did not engage in the thoughtful exercise of discretion when it criticized the guidelines and called them "ridiculous." He asserts that the trial court's comments illustrate "that equity was not a consideration in [his] sentencing."

The record demonstrates, and Gordon acknowledged, that he had received new criminal convictions during the suspension period. Thus, the trial court had sufficient cause to revoke his suspended sentences. It was equally within the trial court's purview to weigh any mitigating factors Gordon presented, such as Gordon's age, his difficulty adjusting to society after being released from incarceration, and his family support when considering whether to resuspend all or part of the revoked sentences. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Gordon accumulated new convictions of the same type for which he was already on probation. Gordon's disregard of the terms of his suspended sentences supports a finding that he was not amendable to rehabilitation.

The probation violation guidelines, like the standard sentencing guidelines, "are not binding on the trial judge; rather, the guidelines are merely a 'tool' to assist the judge in fixing an appropriate punishment." *Belcher v. Commonwealth*, 17 Va. App. 44, 45 (1993). Code § 19.2-298.01(F) precludes appellate review of whether the trial court adhered to Code § 19.2-298.01(B). Specifically, Code § 19.2-298.01(F) states that "[t]he failure to follow any or all of the provisions of [Code § 19.2-298.01] *in the prescribed manner* shall not be reviewable on appeal or the basis of any other post-conviction relief." (Emphasis added). *See also West v. Dir. of Dept. of Corr.*, 273 Va. 56, 65 (2007) (holding Virginia sentencing guidelines are discretionary); *Fazili v. Commonwealth*, 71 Va. App. 239, 248-49 (2019) (holding Code § 19.2-298.01(F) prohibits

appellate review of a trial court's failure to follow discretionary sentencing guidelines).  In view of this broad statutory exemption from appeal, we hold that examining whether the trial court's written explanation in the sentencing revocation report satisfies Code § 19.2-298.01(B) provides no basis for review on appeal.

Finally, to the extent that Gordon argues that his sentence was disproportionate, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole.  *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011).  We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment."  *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (*per curiam*)).  *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").

## III. CONCLUSION

Accordingly, we hold that the sentence the trial court imposed represents a proper exercise of its sentencing discretion.  For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*