COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Athey and White


TYLER GLEND COONTZ

                                       MEMORANDUM OPINION[*]

v.       Record No. 0331-22-3                      PER CURIAM
                                            NOVEMBER 9, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Thomas J. Wilson, IV, Judge

(Louis K. Nagy; Law Office of Louis K. Nagy, PLC, on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Stephen J. Sovinsky, Assistant
Attorney General, on brief), for appellee.


Tyler Glend Coontz appeals from the judgment of the trial court revoking his previously

suspended sentences. Coontz contends that the trial court abused its discretion by revoking his

previously suspended sentences and imposing an active term of six years, five months, and thirty

days' incarceration. After examining the briefs and record in this case, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). This Court affirms the trial court's judgment.

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed

unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App.

529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is

considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In 2015, Coontz pleaded guilty to distribution of a Schedule III controlled substance under an agreed disposition.[1]  Consistent with the agreed disposition, the trial court sentenced Coontz to five years' imprisonment with all but one day suspended, conditioned upon two years supervised probation.  In both 2016 and 2018, the trial court revoked and resuspended Coontz's previously suspended sentence, in part.  At the 2018 revocation hearing, the trial court ordered Coontz to complete the Community Corrections Alternative Program ("CCAP") and extended his probation "for a period of 2 years upon his release to" CCAP.

In 2019, Coontz pleaded guilty to possession of a Schedule I or II controlled substance under an agreed disposition.[2]  The trial court sentenced Coontz to four years' imprisonment with "all but 12 months" suspended, conditioned on two years of supervised probation.  Based on Coontz's new conviction, the trial court revoked and resuspended his 2015 suspended sentence, conditioned on his successful completion of the CCAP program.  In May 2020, the trial court granted Coontz's request for early release from CCAP, finding that he had "received the maximum benefit of the program."  The trial court ordered Coontz to report to his probation officer immediately upon his release from CCAP.

According to Coontz's probation officer, in August, September, and October 2020, Coontz violated the terms and conditions of his previously suspended sentences by incurring new charges, failing to report to scheduled meetings, and admitting to using methamphetamine.  The trial court issued a capias for the violations and ordered on October 30, 2020, that Coontz be held without bond.

---

[1] In exchange for appellant's guilty plea, the Commonwealth moved the trial court to *nolle prosequi* one count of manufacturing marijuana.

[2] In exchange for appellant's guilty plea, the Commonwealth moved the trial court to *nolle prosequi* one count of misdemeanor eluding.

At the revocation hearing Coontz conceded that he had violated the terms and conditions of his previously suspended sentences by incurring new convictions for two counts of DUI maiming.[3] Coontz's counsel advised the trial court that the parties recommended revoking Coontz's previously suspended sentences in their entirety and ordering the sentences to run concurrently with each other but consecutive to the sentences the trial court imposed for the new convictions. Counsel contended that the recommendation was "just slightly under the high-end" of the sentencing guidelines. The trial court noted Coontz had incurred the new convictions three months after it granted him early release from CCAP. Coontz's counsel stated he had explained to Coontz that the trial court could "treat a plea agreement differently from a recommendation" on a revocation.

Coontz proffered that he had suffered serious injuries in the car accident giving rise to the DUI maiming convictions. In fact, his injuries had confined him to a wheelchair for months, and he was "completely reliant" on others, which caused him to miss appointments with his probation officer.

Addressing an appropriate sentence, the Commonwealth acknowledged that it had made the recommendation as "part of the . . . same negotiation on the underlying charges." Coontz argued that he "clearly" had a substance abuse addiction and asked the trial court to order him to Therapeutic Community as a "last ditch effort" to address his addictions. Although Coontz understood that the trial court was not required to accept the revocation sentencing recommendation, he again emphasized that the recommendation was at the "high-end" of the

---

[3] Before the revocation hearing, Coontz pleaded guilty to two counts of DUI maiming under an agreed disposition. Based on his guilty pleas and the Commonwealth's proffer of evidence, the trial court convicted Coontz of the charges. The trial court sentenced Coontz to six years' imprisonment with four years suspended for each conviction, for a total active sentence of four years' imprisonment. Coontz does not challenge those convictions or sentences.

sentencing guidelines. In addition, Coontz contended that the plea agreement for the new convictions contained "two [additional] years added to . . . the suspended sentence."

In allocution, Coontz apologized to the victims of his DUI maiming convictions. He was employed before his arrest, had accepted responsibility for his actions, and contended that he was not a "bad person."

Before sentencing, the trial court found that neither the discretionary sentencing guidelines nor the recommendation was adequate under the circumstances. The trial court found that the conduct underpinning the two maiming convictions—intoxicated driving—occurred only three months after Coontz's release from CCAP. In addition, the victims had suffered "catastrophic permanent injuries" because of Coontz's actions. The trial court further found that Coontz was a danger to himself and the community and revoked and reimposed the balance of his previously suspended sentences. Coontz appeals.

ANALYSIS

Coontz contends that the trial court abused its discretion by imposing the balance of his previously-suspended sentences. He argues that the trial court failed to give appropriate weight to the "multiple relevant [mitigating] factors" he presented, "completely ignored the relevant" sentencing guidelines, disregarded "the negotiations entered into by the parties," and imposed an active sentence that was "well outside the bounds of what was necessary, proper, or just." The record does not support Coontz's argument.

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Moreover, under the revocation statute in effect when the revocation proceeding began, once the trial court found that Coontz had violated the terms of the suspension, it was obligated to revoke the suspended sentence, and the

- 4 -

original sentence was in "full force and effect." Code § 19.2-306(C)(ii) (Cum. Supp. 2020).[4] The trial court was permitted—but not required—to resuspend all or part of the sentence. *Id.*; *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

Coontz conceded that he had violated the terms and conditions of his previously suspended sentences by incurring the new convictions. Thus, the trial court had sufficient cause to revoke his suspended sentences. It was within the trial court's purview to weigh any mitigating factors Coontz presented, such as his injuries and need for substance abuse treatment. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).

This Court rejects Coontz's argument that the trial court "completely ignored" the discretionary sentencing guidelines and the "negotiations entered into by the parties" because the record does not support that contention. Rather than "ignor[ing]" any pertinent information, the trial court expressly considered both the guidelines and the parties' recommendation but rebuffed them as inadequate under the circumstances of the case.

Furthermore, the probation violation guidelines, like the standard sentencing guidelines, "are not binding on the trial judge; rather, the guidelines are merely a 'tool' to assist the judge in fixing an appropriate punishment." *Belcher v. Commonwealth*, 17 Va. App. 44, 45 (1993). Code § 19.2-298.01(F) precludes appellate review of whether the trial court adhered to Code § 19.2-298.01(B). Specifically, Code § 19.2-298.01(F) states that "[t]he failure to follow any or all of the provisions of [Code § 19.2-298.01] *in the prescribed manner* shall not be reviewable on

---

[4] Although Code § 19.2-306(C) was amended effective July 1, 2021, Coontz does not argue that the statutory amendment applied in his case and this Court recently held that it did not apply when, as here, the probation violations occurred and the revocation proceeding began before the effective date of the amendment. *See Green v. Commonwealth*, 75 Va. App. 69, 84 & n.4 (2022). Moreover, even under the new statutory framework the trial court has discretion to impose the balance of a previously suspended sentence when a probationer commits a new offense during the suspension period. *See* 2021 Va. Acts Spec. Sess. I, ch. 538; Code § 19.2-306.1(B).

appeal or the basis of any other post-conviction relief." (Emphasis added). *See also*, *West v. Dir. of Dep't of Corrs.*, 273 Va. 56, 65 (2007) (holding Virginia sentencing guidelines are discretionary); *Fazili v. Commonwealth*, 71 Va. App. 239, 248-49 (2019) (holding Code § 19.2-298.01(F) prohibits appellate review of a trial court's failure to follow discretionary sentencing guidelines).

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). The record reflects that Coontz engaged in criminal conduct, with catastrophic consequences for his victims, during the suspension period and within a short time after his early release from CCAP. The record further reflects that this was Coontz's third revocation on his 2015 conviction. Coontz failed to report to his probation officer and admitted that he had used methamphetamine. Coontz's disregard of the terms of his suspended sentences supports the trial court's decision to impose an active sentence.

"When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Coontz failed to make productive use of the grace that had been repeatedly extended to him. After considering all the evidence before it, the trial court found that neither the sentencing guidelines nor the parties' recommendation was adequate because Coontz was a danger to himself and the community. Accordingly, this Court finds that the trial court's imposed sentence represents a proper exercise of discretion. *See Alsberry*, 39 Va. App. at 322 (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

To the extent Coontz argues that his sentence was disproportionate, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting an Eighth Amendment challenge to a 133-year active sentence because the sentence was imposed for "eighteen separate crimes"). As noted, the instant proceedings were Coontz's third probation violation of his 2015 offense and, despite the trial court's repeated extensions of grace, Coontz continued to commit criminal offenses and wholly failed to cooperate with probation.

## CONCLUSION

Having reviewed the record, this Court holds that the sentence the trial court imposed represents a proper exercise of discretion. Accordingly, the trial court's judgment is affirmed.

*Affirmed.*