COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, O'Brien and Chaney


RODNEY HOWARD BROUGHMAN

v.      Record No. 0936-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
JANUARY 24, 2023


FROM THE CIRCUIT COURT OF ALLEGHANY COUNTY
Edward K. Stein, Judge

(Jon C. Clark; Jon C. Clark, PLLC, on brief), for appellant.

(Jason S. Miyares, Attorney General; William K. Hamilton, Assistant
Attorney General, on brief), for appellee.


Rodney Howard Broughman appeals the trial court's decision revoking the entirety of his

previously suspended sentence and resuspending all but three years. He contends that the court

abused its discretion by revoking the suspended sentence without considering mitigating evidence.

After examining the briefs and record, the panel unanimously holds that oral argument is

unnecessary because "the issue has been authoritatively decided and appellant has not argued that

the case law should be overturned, extended, modified or reversed." Code § 17.1-403(ii)(b);

Rule 5A:27(b). Accordingly, we affirm.

BACKGROUND

On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth."

*Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v.

Hudson*, 265 Va. 505, 514 (2003)). That principle requires us to "discard the evidence of the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

Broughman pleaded guilty and was convicted of three counts of possession with intent to distribute a Schedule II controlled substance, on June 11, 2015. He was sentenced to fifteen years' incarceration, with ten years suspended.

On May 23, 2019, Broughman was released from incarceration and placed on supervised probation. Initially, he adjusted well to probation. However, on May 22, 2020, Broughman was arrested for assault and battery of a family member, and he was arrested again on June 3, 2020, for violating a protective order. On September 18, 2020, Broughman was found not guilty of violating a protective order and destruction of property in juvenile and domestic relations district court (JDR) court. At the Commonwealth's request, the court dismissed the assault and battery charge by nolle prosequi.

Broughman tested positive for amphetamines on October 6, 2020, and tested positive for methamphetamine on June 25, 2021. In October 2021, he was arrested on several charges after he and his girlfriend ended their relationship. Broughman was convicted of three misdemeanor counts of violating a protective order and misdemeanor stalking.

On February 18, 2022, Broughman was arrested again and on March 3, 2022, the trial court issued a show cause order based on the allegations in the February 22, 2022 major violation report. Broughman had four felony counts of violating a protective order pending at that time.

At a May 2, 2022 revocation hearing, an oral addendum to the major violation report noted that Broughman had pled guilty to two counts of felony violation of a protective order just before

the revocation hearing started.[1] Broughman acknowledged that he had acquired several misdemeanor and felony convictions while on probation. Further, he admitted that he had tested positive for illicit narcotics while on probation. Broughman testified that the victim of all his crimes was his former girlfriend. He stated that he has "moved on" from his former girlfriend and does not plan to contact her again, but on cross-examination, he admitted that even after beginning a new relationship, he contacted his former girlfriend in violation of a protective order.

The court noted that Broughman "chose to ignore [a protective order] on multiple occasions while [he] was on probation." Because Broughman violated the terms of his probation, the court revoked his suspended ten-year sentence and resuspended seven years. The court ordered that the revoked sentence run consecutively with Broughman's sentence on his new convictions.

ANALYSIS

Broughman asserts that the court abused its discretion when it imposed three years of his previously suspended sentence. He argues that the sentence was excessive because he also received one year of incarceration for his two felony protective order convictions. He notes that his adjustment to probation was mostly positive before committing the violation, and it was his first violation. Broughman also argues that the court abused its discretion when it sentenced him to two years above the high end of the sentencing guidelines despite mitigating evidence.

"In revocation appeals, the court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

---

[1] This Court does not have the transcript of the events that occurred just before Broughman's revocation on May 2, 2022, nor a sentencing order for these felony convictions. These felony convictions, however, can be inferred from the record.

After suspending a sentence, a court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). "The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." *Id.*

> If the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, or has violated another condition other than (i) a technical violation or (ii) a good conduct violation that did not result in a criminal conviction, then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

Code § 19.2-306.1(B).

Broughman was originally sentenced within the statutory maximum and acquired four new misdemeanor convictions and two new felony convictions during the suspension period; therefore, the court had sufficient cause to revoke his suspended sentence. "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). By obtaining new convictions while on probation, Broughman failed to make productive use of the

opportunity that had been extended to him. His disregard of the terms of his suspended sentence supports a finding that he was not amenable to rehabilitation.

Accordingly, we hold that the court's sentence for the probation violation represents a proper exercise of discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (finding that the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

Further, the probation violation guidelines, like the standard sentencing guidelines, "are not binding on the trial judge; rather, the guidelines are merely a 'tool' to assist the judge in fixing an appropriate punishment." *Belcher v. Commonwealth*, 17 Va. App. 44, 45 (1993).

Code § 19.2-298.01(F) precludes appellate review of whether the court adhered to Code § 19.2-298.01(B). Specifically, Code § 19.2-298.01(F) states that "[t]he failure to follow any or all of the provisions of [§ 19.2-298.01] in the prescribed manner shall not be reviewable on appeal or the basis of any other post-conviction relief." *See also West v. Director of Dept. of Corr.*, 273 Va. 56, 65 (2007) (holding Virginia sentencing guidelines are discretionary); *Fazili v. Commonwealth*, 71 Va. App. 239, 248-49 (2019) (holding Code § 19.2-298.01(F) prohibits appellate review of a court's failure to follow discretionary sentencing guidelines). In view of this broad statutory exemption from appeal, the court's written explanation in the sentencing revocation report satisfies Code § 19.2-298.01(B) and provides no basis for review on appeal.

Finally, to the extent that Broughman argues that his sentence was disproportionate, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual

punishment' in violation of the Eighth Amendment." *Id.* (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").

CONCLUSION

For these reasons, the circuit court's judgment is affirmed.

*Affirmed*.