UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Chaney and Senior Judge Annunziata

JERROD DEMONTE VINES

MEMORANDUM OPINION*

v.      Record No. 1086-22-1          PER CURIAM
                                       JUNE 6, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

(Jennifer T. Stanton, Senior Appellate Attorney; Indigent Defense
Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Stephen J. Sovinsky, Assistant
Attorney General, on brief), for appellee.

Jerrod Demonte Vines appeals the trial court's decision to revoke his previously

suspended sentences. He argues that the trial court abused its discretion "in imposing an active

period of incarceration of three years for [his] probation violations." After examining the briefs

and record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Accordingly, we affirm

the trial court's judgment.

BACKGROUND

On appeal, we "view the evidence received at [a] revocation hearing in the light most

favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate

inferences that may properly be drawn from it." *Johnson v. Commonwealth*, 296 Va. 266, 274

(2018) (alteration in original) (quoting *Henderson v. Commonwealth*, 285 Va. 318, 329 (2013)).

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

In February 2007, Vines pled guilty to possession of cocaine. The trial court initially deferred judgment in the case and placed Vines on probation because it found him eligible for first offender status. However, Vines failed to comply with the terms of his deferred disposition and he was convicted of that possession charge in 2008. The trial court then sentenced Vines to four years of incarceration with three years and ten months of that sentence suspended.

In May 2013, the trial court found Vines guilty of violating the conditions of his probation because Vines had "incurred a new conviction" for intentional damage to property and he had "not refrained from illicit drug use" as required under the terms of his probation. The trial court revoked and resuspended Vines's suspended sentence in its entirety. In December 2015, the trial court convicted Vines of violating the conditions of his probation again. This time, the trial court revoked Vines's suspended sentence, resuspended three years of that sentence, and only imposed an active sentence of ten months of incarceration.

Then, in 2019, Vines was convicted of committing grand larceny and obstruction of justice. The trial court sentenced him to five years and twelve months of incarceration, with four years and fifteen months suspended, for those convictions. As a result of sustaining those new convictions, the trial court again found Vines guilty of violating the terms of his probation. It then revoked the remaining three years of his sentence for his 2008 conviction, but resuspended his sentence without imposing any active time.

Then, in October 2021, Vines's probation officer filed a major violation report stating that Vines had pled guilty to destruction of property. Although the trial court again deferred judgment in that case, it ordered Vines to do 100 hours of community service, take an anger management course, and pay $1,280 in restitution. According to the major violation report, however, Vines had "not

made a payment" toward restitution.[1] In May 2022, Vines's probation officer filed a major violation report addendum stating that Vines had been convicted of driving with a suspended license and that he was charged with failure to appear in court. At his revocation hearing, Vines acknowledged the driving with a suspended license conviction and conceded that he had violated the terms of his suspended sentences.

The trial court found Vines guilty of violating the conditions of his probation for driving on a suspended license and for failure to pay restitution. The trial court emphasized that this was Vines's fourth probation violation on the 2008 conviction for possession of cocaine. Consequently, the trial court revoked Vines's suspended sentences, imposed three years of active incarceration, and resuspended four years and fifteen months. Vines now appeals.

ANALYSIS

Vines argues that the trial court abused its discretion by sentencing him to three years of active incarceration because the trial court "did not give weight to the fact that the new conviction was a traffic misdemeanor" and because the trial court "sentenced Mr. Vines to double the high-end of his guidelines." "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).

Generally, after suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the

---

[1] At Vines's revocation hearing, the Commonwealth entered Vines's restitution payment history into evidence indicating that Vines had not made any payments toward the restitution ordered.

court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). If the basis of the probation violation is "that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B).

In this case, Vines admitted that he had violated the terms of the suspended sentences by failing to obey all federal, state, and local laws. Furthermore, the record demonstrates that Vines suffered a new criminal conviction during the suspension period. Therefore, it was within the trial court's discretion to "impose or resuspend any or all" of the previously suspended sentences. Code § 19.2-306.1(B).

Indeed, Vines does not contend on appeal that the trial court lacked sufficient cause to revoke his suspended sentences. Rather, he argues that the trial court should have given more weight to his mitigating evidence. However, "[i]t is within the trial court's purview to weigh any mitigating factors presented by the defendant." *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). We, therefore, cannot disturb the trial court's judgment based on its assessment of Vines's mitigating evidence simply because this Court might have weighed the evidence differently. Moreover, Vines's repeated probation violations were a relevant factor for the trial court to consider.

Here, significant aggravating factors weighed heavily against Vines's mitigating evidence. The trial court emphasized Vines's criminal history and his multiple probation violations. The trial court balanced Vines's mitigation evidence against the other evidence and determined that an active sentence of three years was appropriate in this case.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Vines's repeated disregard of the terms of his suspended sentences supports a finding that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Vines failed to make productive use of the grace that had been extended to him, and he continued to engage in criminal conduct during the suspension period.

We further note that it is well-settled that "[o]ur sentencing guidelines 'are discretionary, rather than mandatory.'" *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019) (quoting *West v. Dir., Dep't of Corr.*, 273 Va. 56, 65 (2007)). "Accordingly, a circuit court's failure to follow the guidelines is 'not . . . reviewable on appeal.'" *Id.* (omission in original) (quoting Code § 19.2-298.01(F)).

Consequently, we certainly cannot say that the sentence that the trial court imposed does not represent a proper exercise of its sentencing discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

## CONCLUSION

For the foregoing reasons, we do not disturb the decision of the circuit court.

*Affirmed.*